**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Westerkamp, | No. CV-21-02088-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Sean Mueller, et al., | |
| Defendants. | |

Defendant has filed a motion for Rule 11 sanctions against Plaintiff's former counsel ("Counsel") for pursuing this action without making a reasonable inquiry that the claims were warranted by existing law and had or would likely have evidentiary support. (Doc. 39.) The quality and scope of Plaintiff's prelitigation research will therefore be critical to, and likely dispositive of, the issue of sanctions. Counsel's response offered "to provide the prelitigation background search and details for *in camera* inspection" (Doc. 40 at 1), and Defendant did not object to this offer in his reply (Doc. 41). However, the Court cannot have documents presented *in camera* without Counsel first demonstrating that the documents meet the standard for shielding them from public view.

The public has a general right to inspect judicial records and documents, such that a party seeking to submit materials to the Court in a manner that obstructs the public's access must overcome "a strong presumption in favor of access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history

of access and the public policies favoring disclosure . . . ." *Id.* at 1178-79 (internal quotation marks and citations omitted). The Court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks omitted). "After considering these interests, if the court decides to seal[1] certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (internal quotation marks omitted).

The "stringent" compelling reasons standard applies to all filed motions and their attachments where the motion is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1101 (9th Cir. 2016). Here, the motion for sanctions is intimately related to the merits of the case, so the compelling reasons standard applies.

Considering that the prelitigation background search is a search of Defendant's personal information, it is difficult to understand what interest in confidentiality Plaintiff could have in the contents of the background search. Moreover, the contents presumably go to the heart of this litigation. *See, e.g.*, *Shapiro v. Hasbro Inc.*, 2016 WL 9137526, *3 (C.D. Cal. 2016) ("Hasbro put these documents at issue in the litigation and thus fails to [] make a particularized showing of compelling reason[s] to file these exhibits under seal."); *B.F. v. Amazon.com, Inc.*, 2019 WL 4597492, *2 (W.D. Wash. 2019) ("By bringing this lawsuit against Defendants, [Plaintiffs] have put [information sought to be sealed] directly at issue, and cannot reasonably expect filings in this case not to include details about [that information].").

Counsel has not advanced any argument justifying *in camera* review, and it appears to the Court that the documents are critical to the Court's resolution of the sanctions motion. Nevertheless, rather than conclusively determining that Counsel must file the documents

---

[1] Normally, when the Court must consider whether to shield documents from public view, the context is a motion to for leave to file the documents under seal. Here, the context is somewhat different—Counsel has offered to submit the documents for *in camera* review, such that the documents will not exist on the docket at all and will be inaccessible to Defendant as well as the public. Because Defendant has not objected, the primary interest at stake here is the public's, the same as it would be in the context of a motion to seal.

on the public docket, the Court will allow Counsel the option—*if and only if* Counsel believes the documents are privileged and meet the sealing standard—of submitting an *ex parte* motion to permit *in camera* review.

Accordingly,

**IT IS ORDERED** that, by **May 1, 2023**, Counsel shall either (1) file the prelitigation background search and details on the public docket or (2) file a motion for leave to submit the prelitigation background search and details to the Court for *in camera* review.

Dated this 24th day of April, 2023.

Dominic W. Lanza
United States District Judge