**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Westerkamp, | No. CV-21-02088-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Sean Mueller, et al., | |
| Defendants. | |

Pending before the Court are Defendant's motion for summary judgment (Doc. 33), Plaintiff's motion to voluntarily dismiss the case (Doc. 36), and Defendant's motion for Rule 11 sanctions (Doc. 39). For the following reasons, Defendant's motion for sanctions is denied, Plaintiff's motion for voluntary dismissal is granted, and Defendant's motion for summary judgment is denied as moot.

**BACKGROUND**

On December 9, 2021, Plaintiff filed this action, asserting that Defendant "stole [Plaintiff's] identity and stole approximately $90,000 worth of cryptocurrency." (Doc. 1 ¶ 8.) The complaint asserted claims for conversion, fraud, and identity theft. (*Id.* at 3-4.) That same day, the Court ordered Plaintiff to file an amended complaint properly asserting the parties' citizenship to establish diversity jurisdiction. (Doc. 7.) Later still that same day, Plaintiff filed the First Amended Complaint ("FAC"), which included adequate allegations establishing the Court's jurisdiction. (Doc. 8.)

On January 24, 2022, Defendant filed an answer to the FAC. (Doc. 10.)

On February 17, 2022, the Court issued the scheduling order. (Doc. 18.) The deadline for completion of fact discovery was October 31, 2022, and the dispositive motions deadline was March 1, 2023. (*Id.* at 2, 5.)

On March 10, 2022, the parties filed a stipulation to dismiss the identity theft count. (Doc. 24.) The Court denied the stipulation because "Federal Rule of Civil Procedure 15(a) is the appropriate mechanism where a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants" and pointed out that Plaintiff could "amend without seeking the Court's leave with the opposing parties' written consent." (Doc. 26.)

On March 22, 2022, Plaintiff filed the Second Amended Complaint ("SAC"), which eliminated the identity theft count. (Doc. 27.)

On April 7, 2022, Defendant filed an answer to the SAC. (Doc. 28.)

Nearly a year passed, uneventfully, with discovery activities (and related filings) up through January 2023 reflected on the docket. (Docs. 30-32.)

On March 1, 2023, Defendant filed a motion for summary judgment. (Doc. 33.)

On March 2, 2023, Plaintiff's counsel ("Counsel") emailed Defendant's counsel to inform him that he was preparing a motion to withdraw as counsel of record because Plaintiff was "destitute," such that she had "no resources to pay" for an attorney and was "effectively uncollectable," and offered to stipulate to dismissal of the action *with prejudice*. (Doc. 44-1 at 4.) It appears that Defendant either ignored or rejected this offer, because no stipulation was filed.

On March 9, 2023, Defendant sent a letter to Counsel informing him that Defendant planned to seek Rule 11 sanctions against him and alerting him to the 21-day safe harbor period provided by Rule 11(c). (Doc. 38 at 2.)

On March 14, 2023, Counsel filed a motion to withdraw as attorney with Plaintiff's written consent. (Doc. 34.) That same day, the Court granted the motion and ordered that Counsel was withdrawn as counsel of record. (Doc. 35.)

On March 17, 2023, Plaintiff filed a motion for voluntary dismissal. (Doc. 36.)

On March 22, 2023, Defendant filed a response opposing Plaintiff's motion for voluntary dismissal, arguing that dismissal would be inappropriate because it would "affect the Court's ability to sanction" Counsel pursuant to the motion for Rule 11 sanctions that Defendant intended to file in the coming days. (Doc. 38.)

On April 5, 2023—less than a week after the expiration of the 21-day safe harbor period that was discussed in Defendant's March 9, 2023 letter to Counsel—Defendant filed the motion for Rule 11 sanctions. (Doc. 39.)

On April 12, 2023, Counsel filed a response to the sanctions motion in which he offered "to provide the prelitigation background search and details for *in camera* inspection." (Doc. 40.)

On April 20, 2023, Defendant filed a reply. (Doc. 41.)

On April 24, 2023, the Court issued an order explaining that documents cannot be "presented *in camera* without Counsel first demonstrating that the documents meet the standard for shielding them from public view" and ordering that Counsel "either (1) file the prelitigation background search and details on the public docket or (2) file a motion for leave to submit the prelitigation background search and details to the Court for *in camera* review." (Doc. 42 at 1, 3.)

On May 1, 2023, Counsel filed an amended response to the sanctions motion, attaching documents pertaining to the prelitigation background search. (Doc. 43.)

On May 9, 2023, Defendant filed an amended reply in support of the sanctions motion. (Doc. 44.)

**DISCUSSION**

I. <u>Rule 11 Sanctions</u>

    **A.    Legal Standard**

Rule 11 of the Federal Rules of Civil Procedure allows the Court to, among other things, "impose an appropriate sanction on any attorney" who files "a pleading, written motion, or other paper" without conducting "an inquiry reasonable under the circumstances" to support a belief that "the claims, defenses, and other legal contentions

are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" and that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."

"Rule 11 sets a low bar: It deters 'baseless filings' by requiring a 'reasonable inquiry' that there is some plausible basis for the theories alleged." *Strom v. United States*, 641 F.3d 1051, 1059 (9th Cir. 2011). "Where, as here, [a] complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002).

Rule 11 contains a "safe harbor" clause, the purpose of which "is to give the offending party the opportunity, within 21 days after service of the motion for sanctions, to withdraw the offending pleading *and thereby escape sanctions.*" *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998). "The safe harbor provision further dictates that the motion may not be filed if the offending party timely withdraws or appropriately corrects the challenged contention during the safe harbor period." *Islamic Shura Council of S. California v. F.B.I.*, 757 F.3d 870, 872-73 (9th Cir. 2014) (cleaned up). Thus, Rule 11 sanctions are only available "when the party taking the challenged position has refused to withdraw or correct it." *Id.* at 873. *See also Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC*, 339 F.3d 1146, 1151 (9th Cir. 2003) ("Rule 11 sanctions are not appropriate, given the safe harbor provision, unless an offending party has an opportunity to withdraw the complaint without suffering sanctions.") (citation and internal quotation marks omitted). The safe harbor provision is enforced "strictly," and sanctions cannot be awarded "even when the underlying filing is frivolous" "when the challenging party failed to comply with the safe harbor provisions." *Holgate v. Baldwin*, 425 F.3d 671, 678 (9th Cir. 2005). Failure to honor the safe harbor period can constitute a "manifest injustice." *Retail Flooring,* 339 F.3d at 1150 n.5.

A Rule 11 motion "should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely." *Holgate*, 425 F.3d at 679 (citation omitted). A motion filed "over a year" after the filing of "the underlying complaint" has been found to be untimely. *Id.* A Rule 11 motion that is filed "after the time in which [a plaintiff] could correct or withdraw its complaint had lapsed" is untimely. *Retail Flooring,* 339 F.3d at 1151.

**B.     Analysis**

Although Counsel argues that the motion for sanctions should be denied on the merits, because all of the claims in the SAC were properly founded in fact and law (Doc. 43), the Court perceives two additional, independent, and more obvious reasons why the motion must be denied: (1) it is untimely; and (2) adequate attempts were made to withdraw the SAC both before and then again during the safe harbor period.[1]

1.     The Sanctions Motion Is Untimely

A Rule 11 motion must be based on "a pleading, written motion, or other paper." Fed. R. Civ. P. 11(b). In his sanctions motion, Defendant refers to the "First Amended Complaint" at times and to the "Complaint" at other times—but he appears to refer to them indiscriminately without grounding his Rule 11 argument in one or the other, and insinuates that the SAC, too, lacks a factual basis. At any rate, by the time Defendant filed his motion, the complaint and the FAC had long been rendered legal nullities. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("[A]n amended complaint supersedes the original, the latter being treated thereafter as non-existent."). Thus, the Rule 11 motion could be based only on the SAC.

---

[1]     The Court recognizes that, under the "party presentation principle," courts "should not[] sally forth each day looking for wrongs to right" and instead should "wait for cases to come to [them] . . . [and] normally decide only questions presented by the parties." *United States v. Sineneng-Smith*, 140 S.Ct. 1575, 1579 (2020) (citations and internal quotation marks omitted). Nevertheless, the Court finds it necessary to address the issues of timeliness and safe harbor compliance, even though they were not raised by Counsel, because it likely lacks the power to impose Rule 11 sanctions absent compliance with those requirements. The Court also notes that "Rule 11 was amended [in 1993] to make clear that, while a Rule 11(b) violation enables the court to impose sanctions under Rule 11(c), the court is not required to do so." 1 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 11, at 280 (2022). This provides an additional reason why the Court may properly consider the issues of timeliness and safe harbor compliance.

1  The SAC was filed on March 22, 2022. The factual allegations in the SAC and its
2  two causes of action were previously asserted in the original complaint and in the FAC,
3  which were both filed on December 9, 2021. Considering the nature of the facts alleged,
4  it seems that if these allegations were factually baseless, Defendant would have known this
5  immediately upon reading them. But even assuming that Defendant did not have a reason
6  to form a belief that the SAC was factually baseless until after fact discovery concluded,
7  which was on October 31, 2022, Defendant did not notify Counsel of his intent to seek
8  Rule 11 sanctions motion until March 9, 2023—more than four months after the close of
9  discovery, nearly a year after the filing of the SAC, and 15 months after the filing of
10 previous pleadings containing the same factual allegations and causes of action. Under the
11 circumstances, the motion cannot be viewed as timely and can be denied on that basis.
12 *Holgate*, 425 F.3d at 679.

13                2.    Sufficient Steps Were Taken To Withdraw The SAC Before And
14                      Then Again During The Safe Harbor Period

15 On March 2, 2023, Counsel sent a letter to Defendant proposing "a stipulation to
16 dismiss the case with prejudice." (Doc. 44-1 at 4.) Defendant did not accept this
17 unqualified victory but instead sent a letter to Counsel one week later, on March 9, 2023,
18 informing him that Defendant planned to seek sanctions against him pursuant to Rule 11.
19 (Doc. 38 at 2.) The letter formally invoked the 21-day safe harbor period provided by Rule
20 11(c). (*Id.*) Thus, Plaintiff could withdraw the SAC at any point on or before March 30,
21 2023. Eight days later, on March 17, 2023, Plaintiff (who was no longer represented by
22 Counsel) filed a motion to voluntarily dismiss the case. (Doc. 36.) Defendant, however,
23 opposed this motion. (Doc. 38.)

24 This bizarre backdrop means that Defendant's motion for sanctions must be denied.
25 Arguably, Defendant's basis for even threatening to seek Rule 11 sanctions based on the
26 SAC—let alone formally moving for such sanctions—evaporated on March 2, 2023, when
27 Counsel offered to stipulate to a dismissal of the entire case with prejudice. *Cf. Carruthers*
28 *v. Flaum*, 450 F. Supp. 288, 306 (S.D.N.Y. 2006) ("Plaintiffs sent defendants a stipulation

1   that would have ended their case against the Flaum Defendants. . . .  Since this is not a
2   circumstance in which Rule 41(a)(1)(ii) permits withdrawal of the complaint unilaterally,
3   it is hard for me to see what more plaintiffs could have done to 'withdraw' their pleading.
4   The text of Rule 11 does not specify what constitutes the 'withdrawal' of a challenged
5   claim.  However, the Rules Committee Notes to the 1993 revision make plain that
6   withdrawal need not be a formal affair . . . .  What little case law exists in this Circuit holds
7   that if a party indicates an intention to withdraw a contested claim during the safe harbor
8   period, that suffices—even if additional steps remain to be taken under Rule 41.").
9   Nevertheless, and at a minimum, the SAC was successfully withdrawn for Rule 11
10  purposes when Plaintiff filed the motion for voluntary dismissal on March 17, 2023.[2]
11  When made during a Rule 11 safe harbor period, a motion to voluntarily dismiss a case is
12  tantamount to a withdrawal of the operative complaint because withdrawal must be
13  permitted.  *See, e.g.*, *Sneller v. City of Bainbridge Island*, 606 F.3d 636, 639 (9th Cir. 2010)
14  ("On August 1, 2008, Defendants served the Snellers with a Rule 11 motion requesting that
15  Plaintiffs dismiss their claims for violations of the Washington State Constitution, civil
16  conspiracy, and all claims against the individual defendants.  The Snellers responded
17  eighteen days later with a Motion for Leave to Amend their complaint so as to satisfy these
18  requests.  The Snellers' proposed Third Amended Complaint omitted each of the claims
19  referenced in Defendants' motion for sanctions.  By filing the motion to amend within the
20  21–day safe harbor period, the Snellers withdrew all of the challenged claims as required
21  by Rule 11.  There is nothing more that the Snellers were required to do in terms of
22  withdrawing the challenged claims.").  Thus, once Plaintiff moved for voluntary dismissal,
23  Defendant was precluded from filing the Rule 11 motion.  *Great Dynasty Int'l Fin.*
24  *Holdings Ltd. v. Haiting Li*, 2014 WL 3381416, *6 (N.D. Cal. 2014) ("[T]he underlying

---

[2]   The Court acknowledges that Counsel withdrew from the case shortly after receiving the Rule 11 letter, such that the motion for voluntary dismissal was filed by Plaintiff in a *pro se* capacity.  But these details do not change the analysis.  The safe harbor provision in Rule 11(c)(2) is phrased in the passive voice—a sanctions motion cannot be filed "if the challenged paper . . . *is withdrawn or appropriately corrected* within 21 days after service." (*Id.*, emphasis added.)  This phrasing suggests that it does not matter who oversees the act of withdrawal or appropriate correction, so long as the act is accomplished (as it was here) within the 21-day period.

purpose of the safe harbor precludes [a movant's] ability to move for sanctions given the offending pleading had already been withdrawn [via voluntary dismissal].").

### 3. Fees And Costs

Counsel has requested that he be awarded the fees and costs associated with responding to the sanctions motion, consistent with Rule 11(c)(2).

The Court will, in its discretion, deny this request. Although Defendant should not have filed the sanctions motion for the reasons stated above, Counsel only argued that the motion should be denied on the merits (as opposed to on timeliness or safe harbor grounds) and, along the way, offered only a meager merits-based defense of the inclusion of the fraud claim (Doc. 43 at 9), despite Plaintiff's briefing on the topic (Doc. 39 at 6).

## II. The Remaining Motions

As discussed, Plaintiff's motion to voluntarily dismiss this action must be granted, as this is the withdrawal permitted by Rule 11(c)(2).

The action having been voluntarily dismissed, Defendant's motion for summary judgment is moot.

Accordingly,

**IT IS ORDERED** that:

1. Defendant's motion for sanctions (Doc. 39) is **denied**.
2. Plaintiff's motion to voluntarily dismiss the case (Doc. 36) is **granted**.
3. Defendant's motion for summary judgment (Doc. 33) is **denied as moot**.
4. The Clerk shall enter judgment accordingly and terminate this action.

Dated this 2nd day of June, 2023.

Dominic W. Lanza
United States District Judge